■ In the Matter of the Claim of STEVE PUMA, Appellant, v LEFFLER BROS., INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 18, 1978, which disallowed a claim for compensation under the Workers' Compensation Law. Claimant was employed as a truck driver by Leffler Bros., Inc., for a period of 26 years until April 17, 1973. He was terminated when his union authorized the employer to terminate his employment for cause after a hearing before the union in April, 1973. Following his termination, claimant applied for unemployment insurance benefits and received such benefits from July, 1973 to December 30, 1973. Claimant's duties with the employer consisted of loading boxes of meat weighing 60 to 100 pounds on his assigned truck and unloading the boxes at customers' premises. At all times, he was assigned a helper. On January 2, 1974, claimant was hospitalized for about 17 days with severe back pain. At that time, he was treated by Dr. Joseph Laico and Dr. Joseph Polifrone. Tests revealed a herniated disc. He has been totally disabled since January 2, 1974. Surgery has been recommended, but claimant has elected not to have surgery. On April 8, 1974, claimant filed a claim for compensation benefits under the Workers' Compensation Law by reason of a herniated disc. In a letter accompanying the claim, claimant asserted that during the period of 27 years that he worked for the employer, he sustained back injuries. However, he never applied for compensation but absorbed the medical expenses himself, and that more recently, on Janaury 2, 1974, he was admitted to the hospital because of pain. The notice of claim did not specify any date of injury. Dr. Laico, who attended the claimant on January 2, 1974, testified that claimant never did give him a history of a work-related injury, and he last saw claimant in September, 1976. Dr. Thalenberg testified that he treated claimant for backache or low back strain on November 12, 1968, January 21, 1971 and December 28, 1973. He knew that claimant was a truck driver delivering heavy materials, but no particular incident was reported to him on these occasions, and he could not recall treating him as a compensation case. Dr. Polifrone, who treated claimant on January 4, 1974, and during his hospitalization, filed a C-4 dated March 30, 1976, indicating the date of injury as January 2, 1974. On May 22, 1974, Dr. Polifrone sent a letter to the Kemper Insurance Company stating that he had seen claimant on

January 4, 1974, and claimant had given a history that he had back pain after he injured his back while lifting heavy boxes and had felt sudden low back pain with radiation into the legs. The date of the accident was stated as Janaury 2, 1974, and the employer was "Leffler Bros. Inc." Philip Epstein, the employer's office manager, made a written statement that at no time did claimant report an injury to him. Irving Leffler, the employer's president, testified that claimant worked as a truck driver and at no time did he report any injury. The board, based on the testimony of Irving Leffler and Dr. Laico, found that claimant did not sustain an accident as alleged and disallowed the claim. Claimant contends that substantial evidence establishes accident, notice and causal relationship. On this record, the board could reasonably reject the testimony of claimant and his coworkers and, based upon the testimony of the employer and Dr. Laico, find no accident or work-connected injury. Dr. Polifrone's history of back pain while lifting heavy boxes does not connect the injury to the period of employment, and such injury could well have occurred on January 2, 1974 as stated by him. The board's decision is supported by substantial evidence and should be affirmed. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Mikoll and Herlihy, JJ., concur.